Oldham, J., delivered the opinion of .the court. After the demurrer was sustained to the plea in abatement, filed by the defendant below, by pleading over, he abandoned his first plea, and cannot now take advantage of the judgment of the court upon the demurrer. Walker vs. Wills. 5 Ark. R. 166. In Wilson vs. Fowler, 3 Ark. R. 463, the court held that “it is a general rule to which there are few exceptions, that he who abandons one point or position and selects another, must rest his cause upon it; and if that is adjudged against him, he will not be allowed to return to the first point which he has voluntarily relinquished. The law supposes each party to understand his own cause, and it therefore holds him bound by his own election.” The defendant, by pleading to the merits, abandoned all matters in abatement. Ho cannot, after verdict against him upon the plea of not guilty, return back to and rely upon his plea in abatement, no matter in what manner it may have been determined against him. Clark vs. Gibson, 2 Ark. R. 109. This is a rule of universal observance both in civil and criminal practice. No other error being assigned by the defendant either specially •or generally, according to the rule that he, who seeks to reverse a judgment, must point out the errors that exist, the judgment of the circuit court must be affirmed.